FILED



JUN 2 2026

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. MT-26-1115 |
| JOSEPH MESSIAH WILLIAMS, | Bk. No. 9:26-bk-90054-BPH |
| Debtor. | |
| JOSEPH MESSIAH WILLIAMS,<br>Appellant,<br>v.<br><br>CBB COLLECTIONS,<br>Appellee. | **Clerk's Notice to Bankruptcy Judge** |

On May 29, 2026, appellant filed a motion with the BAP for leave to proceed *in forma pauperis* ("IFP Motion") with respect to this appeal.

On **Tuesday, June 9, 2026,** the Panel will forward the IFP Motion to the U.S. District Court for its consideration.[1]

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

---

[1] Neither the BAP nor the bankruptcy court has the authority to grant the *in forma pauperis* motion under 28 U.S.C. § 1915(a) because BAPs and bankruptcy courts are not "court[s] of the United States" as defined in 28 U.S.C. § 451. *Perroton v. Gray (In re Perroton)*, 958 F.2d 889 (9th Cir. 1992); *Determan v. Sandoval (In re Sandoval)*, 186 B.R. 490, 496 (9th Cir. BAP 1995).

This notice is being issued to allow the trial court the opportunity to "certif[y] in writing that [the appeal is] not taken in good faith" under 28 U.S.C. § 1915(a)(3).[2]

Following the expiration of the June 9, 2026, deadline, the IFP Motion and any such certification (if made) will be forwarded to the U.S. District Court.

If you choose to make such a certification, please send a copy of any such certification to the BAP so that the BAP can forward a copy of the certification with the motion to the relevant U.S. District Court.

FOR THE PANEL,

*Susan M. Spraul*

Susan M. Spraul, Clerk of Court

---

[2] The trial court retains jurisdiction to make such a certification because such a certification does not change the status quo of the matter appealed. *Natural Resources Defense Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001); *see also*, *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1411-12 (9th Cir. 1990).